AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 5 2025

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  2:25-MJ-20 |
| Luis Enrique SAGASTUME-Soriano | ) | |
| *Defendant(s)* | ) | |
| | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 5, 2025_____ in the county of _____Randall_____ in the

___Northern___ District of _____Texas_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. Section 1326(a) | Illegal Re-entry After Deportation |

This criminal complaint is based on these facts:

See attached affidavit

✔ Continued on the attached sheet.

_____
Complainant's signature

John Back, Deportation Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 5th day of February 2025.

Date:  2/5/25

City and state:  Amarillo, TX

_____
Judge's signature

Lee Ann Reno, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT
## Case No. 2:25-MJ-20

### Title 8, United States Code, Section 1326(a)

As a result of my training and experience, I am familiar with federal immigration laws, including 8 U.S.C. § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or national of the United States. 8 U.S.C. 1101(a)(3).

### Facts Establishing Probable Cause

On February 5, 2025, I found Luis Enrique SAGASTUME-Soriano at the Randall County Jail, Amarillo, Texas, which is in the Amarillo Division of the Northern District of Texas. I queried immigration records and discovered that Luis Enrique SAGASTUME-Soriano is, and was on February 5, 2025, a citizen and national of Honduras by virtue of his birth in Honduras. Those records also showed that Luis Enrique SAGASTUME-Soriano had been removed from the United States on May 31, 2019, at the Port of Departure at San Antonio, Texas. Luis Enrique SAGASTUME-

1

Soriano's immigration records showed that he had not received the consent of the

Secretary of the Department of Homeland Security or the Attorney General of the United

States to apply for readmission to the United States since the time of that previous

removal.

John Back
Immigration and Customs Enforcement
Deportation Officer


Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.


  Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 5th day of February, 2025.

LEE ANN RENO Amarillo

2